[, GAUDIN, Judge.
This is a suit by Mr. and Mrs. Frederick C. Cambre, the surviving parents of Richard Cambre who was fatally injured on August 28, 1993 when the automobile he was driving was struck by a 60-mile-per-hour Amtrak train at a railroad crossing on Little Farms Avenue in Jefferson Parish.
*637 Following trial in the 24th Judicial District Court from June 22 to 25, 1998, a civil jury awarded $1,000,000.00 to each parent but found Richard 61.666 percent negligent. Also found negligent were the Illinois Central Railroad, 21.666 percent, and the State Department of Transportation and Development (DOTD), 16.666 percent. The Amtrak train was absolved of any negligence.
For reasons that follow, we affirm the jury’s allocations of negligence and we reduce the awards to each parent to $ 350,-000.00.
The Illinois Central Railroad, which owned the tracks the Amtrak train was on, settled with Mr. and Mrs. Cambre prior to trial. The only appellant is the DOTD, which specified various trial court errors, including the trial judge’s ruling on the DOTD’s post-trial motions.
In the wake of the jury verdict, the DOTD filed a Motion for Judgment Notwithstanding the Verdict, contending that it (the DOTD) did not violate any duty in connection with the sued-on accident and that it was not fully or partially responsible. Also, the DOTD found fault with the amounts awarded |Rto Mr. and Mrs. Cam-bre.
The Cambres did not file a post-trial motion asking that Richard’s percentage of negligence be lowered; nonetheless, the trial judge, sua sponte, reduced the percentage of negligence attributed to Richard to 50 per cent and at the same time increasing the percentage of negligence attributed to the Illinois Central Railroad and the DOTD to 25' percent each. This was procedural error. Only a party, not a trial judge on his own except to alter phraseology or correct errors of calculation, can move for an amended judgment. See LSA-C.C.P. arts. 1811 and 1951 and Parmelee v. Kline, 579 So.2d 1008 (La.App. 5 Cir.), writs denied at 586 So.2d 564 (La.1991). Accordingly, the trial judge’s changing of the percentages' of negligence is set aside. We shall now consider the particulars of this case and the DOTD’s appellate arguments as they relate to the original jury verdict.
Attached to and made part of this opinion is a sketch of the accident scene which is part of this record. We had added to this sketch dotted lines showing the path of the Amtrak train as it approached the collision situs. Little Farms Avenue at that location crosses three sets of railroad tracks. A driver going in a northerly direction, as Richard was going, would first come to two sets of tracks in close proximity to each other. Once over the double tracks, a motorist could go on an angle to his right to a single railroad track approximately 115 feet from the double tracks. Slow-moving freight trains used the double tracks while the single track was the main line, used by fast trains.
Two independently operated sets of warning lights were in place, one set for the double tracks and one set for the main line track used by Amtrak.
When Richard reached the double tracks, he waited for a freight train to pass and then-he drove toward the single track, following another car |sdriven by Ronald Wimprine Jr. Wimprine testified that as he approached the single track, he looked to his left and saw the oncoming Amtrak train -about 200 feet from Little Farms Avenue. Wimprine said he accelerated his auto and got across the main line just in front of the train. He then heard a loud sound. He looked in his rear view mirror and saw Richard’s car just after it was struck.
Testimony, including Wimprine’s, and evidence support the jury’s conclusion that Richard was mostly responsible for this accident although he would have had to look over his left shoulder to see the train. It is very unlikely that he saw the train before impact. He died instantly.
The roadway between the double tracks and the main line runs at a 58 degree angle. This angle, plus a lack of crossing gates, made the intersection unreasonably *638 hazardous according to David Wayne Hall, an expert in traffic engineering, and other witnesses.
The DOTD argues that it wasn’t at all •negligent because (1) the trial judge allowed prejudicial evidence protected by federal statutes, (2) the trial judge’s remarks and jury -instructions were misleading and faulty, (3) the trial judge permitted testimony and evidence from unrelated prior proceedings and (4) the DOTD did not do or fail to do anything that caused or contributed to Richard’s accident.
On June 8, 1993, the DOTD and Illinois Central Railroad entered into a “Project Notice” for construction of light signals and gates at the Little Farms Avenue intersection; however, the work had not started by August 28, 1993. Although federal funding had been approved, there is no evidence in the record that any money had actually been paid by any federal agency prior to Richard’s accident.
Federally — protected evidence was not a determining factor in this trial. The facts and testimony in this case distinguish it from Palacios v. Louisiana and Delta Railroad, Inc., 740 So.2d 95. (La.1999), in which the DOTD showed that.- evidence sought had been assembled as'part of a federal railway safety program, making it privileged. In the case now before us, there was sufficient, valid and acceptable testimony and documentary evidence for the jury to find the DOTD 16.666 percent responsible for this accident. Trial testimony and evidence clearly showed that the angled intersection without gates was very dangerous and that the DOTD along with the Illinois Central Railroad shared responsibility for not having gates in place.
Hall said that crossing gates should have been installed while Olin Dart, an expert in highway design engineering and who was employed by the Illinois Central Railroad, said that the intersection was unreasonably dangerous and that crossing gates were warranted when he inspected the site before and after Richard’s accident.
Little Farms Avenue running north to the main line is a Parish of Jefferson street; however, the roadway becomes Louisiana Highway 3135 after it crosses the main line. Accordingly, Dart said, the DOTD would be responsible for installing appropriate crossing signals on the state highway where, running in a southerly direction, it intersects with the main railroad line. Dart added that if the DOTD’s responsibility was to put up proper traffic control devices on its side of the main line, under any circumstance, the DOTD should have installed necessary controls on the other side, called the River Ridge side.
If there were any trial judge errors pertaining to remarks made or to. the jury instructions,- and we are not saying there were, they were of small consequence and did not contribute to the jury verdict.
Richard was 31 years of age, unmarried, and from a close, loving family. Although he had no dependants and did not contribute anything |Bfinancially to his parents’ support, he was in constant communication with them and he was with them often. Mrs. Cambre attended trial every day but did not testify; Mr. Cambre and other family members described the depth of her continuing sorrow. Mr. Cam-bre took his son’s death equally hard.
The loss of a family member is not susceptible of any objective measurement; however, the awards to Mr. and Mrs. Cam-bre here far exceed any other amount finally awarded by a Louisiana court to surviving parents not dependent on the lost child for financial support. We are directed by the jurisprudence to lower each award to the highest sum that could have reasonably been awarded, which is $350,000.00 to each parent. See Owens v. Concordia Electric Cooperative, Inc., 699 So.2d 434 (La.App. 3 Cir.1997), two applications, for writs denied at 705 So.2d 1120 (La.1998) and one application denied at 705 So.2d 1113 (La.1998). See also Pinson- *639 neault v. Merchants & Farmers Bank & Trust Co., 738 So.2d 172 (La.App. 3 Cir.1999).
Accordingly, we (1) reinstate the percentages of negligence determined by the jury and (2) set damages at $350,000.00 for both Mr. and Mrs. Cambre. Items of special damages itemized by the trial judge are affirmed, subject to reduction by the degree of fault assessed by the jury to Richard Cambre, 61.666 percent. Each party is to bear its respective costs of this appeal.
AFFIRMED AS AMENDED.
[[Image here]]